McCARTY *vs.* STEAM COTTON PRESS COMPANY ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where the vendor's title is communicated to the vendee, and the latter
confines himself to one objection, he cannot set up other informalities as a
ground of suspending payment.

At the sale of an insolvent's succession administered by syndics, the mother
of the minor heirs of that insolvent may become the purchaser of property
belonging to the succession.

The re-enactment of a general provision found in a former statute, does not
repeal the exception which accompanied that provision in the previous law.

When the alienation takes place by auction where the price cannot be known
before the object is stricken off, the approbation of the judge can alone be
legally given after the sale.

This action was brought to obtain possession of three
promissory notes, signed by defendants and deposited in
bank. The notes had been given for a part of the consi-
deration money of land and buildings sold by plaintiff to
defendants. The latter feared they should be disquieted in
their possession, and it was agreed the notes in question
should remain in the bank until defendants should consent
to a transfer of them being made to plaintiff, or until plain-

tiff should obtain a final judgment establishing the title to <span>Eastern Dis.<br>*December*, 1832.</span>
the land and buildings.

<span>M'CARTY<br>*vs.*<br>STEAM COTTON<br>PRESS COMPA-<br>NY ET AL.</span>

The petition sets forth that plaintiff was the wife of Jean Blanque, deceased; that she brought a large sum as her dotal portion, as appears by their marriage contract; that her said husband dying, she was appointed by the Court of Probates of New-Orleans, as guardian of her minor children by said marriage; that she renounced the community; that a forced surrender of her deceased husband's property took place, and syndics were appointed by the creditors with power to compromise with her for her dotal rights; that she received the said land and buildings as part payment of her dotal right; that the minor children, who were made parties, and to whom a curator *ad hoc* had been appointed, had no claim whatever on the land and buildings.

The answer states, that the sale by the said syndics took place without the advice of a family meeting, and without the authorization of a competent judge; that the plaintiff was then tutrix of the said minors, and purchased the said land and buildings, which she was not permitted by law to do; that the proceedings were *coram non judice* the Parish Court having no jurisdiction, or if it had, they are irregular, the minors not having been made parties thereto.

The curator *ad hoc* appeared, and consented that the prayer of plaintiff's petition be granted. One of the said children having become of age, intervened and stated she had renounced the succession of her father, by act passed since this suit was brought. The curator *ad hoc* then filed his supplemental answer, sitting forth a similar renunciation on the part of the minors, on the advice of a family meeting.

On the trial the cause was dismissed, the judge stating that no cause of action had been shown against the defendants. The plaintiff appealed.

*Moreau* and *Soulé*, for appellant.

*D. Seghers*, for appellees.

The opinion of the court was delivered by PORTER J.

3

EASTERN DIS.
December, 1823.

M'CARTY
vs.
STEAM COTTON
PRESS COMPA-
NY ET AL.

The plaintiff sold to the defendants real estate, and by a clause in the contract it was agreed, that in consequence of a doubt which existed in relation to her title to the property, a portion of the promissory notes given by defendants in payment, should be deposited in bank, and should not be withdrawn therefrom, unless by check signed by both the contracting parties, or after a judgment of a court of justice on the matter in dispute.

This action is brought to compel the defendants to permit these notes to be taken out of the bank by the petitioner, or in case of their refusal, to obtain a decree establishing her right to do so.   The heirs of Jean Blanque, are made parties to the suit, under the supposition that this claim, real or supposed to the premises, formed the principal obstacle to the validity of the plaintiff's title.

The steam company answered the petition by averring, that they had just reason to fear they should be disquieted in their possession of the property purchased, by an action of eviction on the part of the heirs of Jean Blanque: Because the land in question belonged to him at the time of his death; his children were minors; the petitioner was their tutrix; the land their property by inheritance, and was sold without the advice of a family meeting, and without the authorization of the parish judge.   The plaintiff was tutrix, and not permitted to purchase the property of her ward.   The proceedings of the creditors of the deceased were *non judice* and void, as the parish court had not any jurisdiction of the subject matter.

The curator of the minors filed an answer, in which he stated that he did not conceive the minor heirs had any interest to oppose the demand of the petitioner.   There was subsequently executed by the minors, under the approbation of the judge of probates, preceded by the advice of a family meeting, an act, wherein they renounced the succession of their father.

One of the children of Blanque, who had obtained the age of majority, pleaded to the same effect as the curator of the minors, and on her part also renounced the succession.

On these pleadings, the parties went to trial in the court

below. There was judgment for defendants, and the plaintiff appealed.

EASTERN DIS.
*December*, 1832.

M'CARTY
*vs.*
STEAM COTTON
PRESS COMPA
NY ET AL.

By the 2585th article of the *Louisiana Code*, it is provided, that the buyer who has just reason to fear that he shall be disquieted by an action of mortgage, or by any other claim, may suspend the payment of the price, unless the seller prefer to give security.

There is an exception to this rule, says the same article, "when the buyer has been informed before the sale, of the danger of the eviction."

Our first inquiry, therefore, is, whether the buyers in this instance were informed of the danger, the existence of which they now present as a defence to the demand made in the petition.

On recurring to the act of sale, a clause is found, of which the following is a translation: "Whereas, the Cotton Press Company, had the opportunity before signing of these presents, to have the titles of the vendor examined by their counsel, Mr. Dominique Seghers, and by the opinion of said counsel, given in writing, under his signature, of date the 20th of this month, the many objections which may exist to said titles are reduced to one, which is this, that at the time the vendor acquired the plantation which belonged to the succession of her husband, Jean Blanque, a portion of which she now sells, she was *tutrix* of four children, issue of her marriage with said Jean Blanque, and in this quality it is doubtful if she could become the purchaser of the property which belonged to the minor children, even under the authority which he obtained from the Probate Court, in consequence of this doubt," &c. &c.

From this clause it is seen the objections of the defendants were confined *alone* to the want of power in the mother to buy, in consequence of the relation in which she stood to the minors. They cannot now allege any other defect. Did the proof merely show that the titles had been communicated to them, and they had contracted with a knowledge of the informalities in the title, but without remarking on them, they could not, under the article of any code already cited, set up

Where the vendor's title is communicated to the vendee, and the latter confines himself to one objection, he cannot set up other informalities as a ground of suspending payment.

EASTERN DIS.
December, 1832.

M'CARTY
vs.
STEAM COTTON
PRESS COMPA-
NY ET AL.

those informalities as a ground for suspending payment. They would be compelled to rely on their warranty. *A fortiori* the same rule must apply, where, after a full knowledge of all defects, they confined their objection to one, and required merely that *it* should be removed, before they paid the price. Our law as it now stands, imposes most onerous obligations on vendors. After having lost the enjoyment and the fruits by the alienation, they may, if unable to give security, for years be deprived of the price, on the suggestion of difficulties in regard to title, which, but for the apprehensions of the purchaser, never would have been thought of. When, to guard against such danger, they submit their title papers to the buyer before the contract is closed, and he chooses to consider them open only to *one* objection, it would be intolerable if he could afterwards set up every other which his fears might suggest, or the learning of his professional advisers might discover.

We conclude, therefore, that by the contract between the parties, we are precluded from examining any other illegality in the title of the plaintiff, save that which may result from the want of capacity as tutrix, to purchase. All the objections drawn from the defect of power in the court to order the sale, together with those presented by the non-existence of the other formalities required for the legal alienation of minors' property, were waived by the agreement.

At the sale of an insolvent's succession administered by syndics, the mother of the minor heirs of that insolvent may become the purchaser of property belonging to the succession.

The question then, is, whether at a sale made of an insolvent's succession, administered by syndics, the mother of the minor heirs of that insolvent can become the purchaser of property belonging to the succession. We think she may, when the purchase is sanctioned by the judge under whose jurisdiction the minors live. For the purposes of this inquiry, we must, as has been already observed, consider the court which ordered the sale as having jurisdiction, and that the syndics properly represented the estate. By the 4th *law of the 5th title of the 5th Partidas*, in force at the time this transaction took place, tutors are prohibited from purchasing the property of their ward, unless they were authorised by the judge of the place to make the acquisition. By the 1st law

of the 12th title of the 10th book of the *Novissima Recopilacion*, this prohibition is repeated, even if the sale be public, but nothing is said in regard to a purchase made under the authority of the judge. It is contended, that the latter enactment does away with the exception which stood with a prohibition of the same kind in the *Partidas*. But it has been frequently decided by this court, and we believe correctly, that the re-enactment of a general provision found in a former statute, does not repeal the exception which accompanied that provision in the previous law. Such seems to be the opinion of several commentators we have been able to consult in relation to the two laws just cited. *See note of Gregorio Lopez on the Partidas, 5. title 5. law. 4 Febrero, p. 1. cap. 7. sec. 1. no. 2. Siguenza, lib. 1. cap. 5. nos. 4 and 5.* There are, it is true, others who think differently, but the conclusion of the former it appears to us, is much more consistent with the sound rules of construction. *Acêvedo, vol. 2. 385, no. 1. Sala Illustracion de Derecho, lib. 1. title 7. no. 37.*

But it is said that the approbation of the judge of probates followed, and that it should have preceded the sale. The law does not specify at what time it is to be given, and we think that when the alienation takes place by auction, where the price cannot be known before the object is stricken off, that the approbation of the judge can alone be usefully and legally given after the sale.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and it is further adjudged and decreed, that the defendants do sign a check jointly with the plaintiff, for the notes mentioned in the petition, now deposited in bank: and it is further ordered, that the defendants, the Cotton Press Company, pay costs in both cases, except those occasioned by making the minor heirs of Blanque parties to this action, in relation to whom, it is adjudged and decreed, that there be judgment as in case of non-suit, with costs in both cases.

*Margin notes:*
Eastern Dis. December, 1832.

M'CARTY vs. STEAM COTTON PRESS COMPANY ET AL.

The re-enactment of a general provision found in a former statute, does not repeal the exception which accompanied that provision in the previous law.

When the alienation takes place by auction where the price cannot be known before the object is stricken off, the approbation of the judge can alone be legally given after the sale.